1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11 | SCOTT JOHNSON, | No. 2:14-cv-01548-TLN-DB |
|---|---|
12 | Plaintiff, | |
13 | v. | **ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT** |
14 | ANTHONY L. MATTIOLI; KARLA J. MATTIOLI; WILSON WAY TIRE CO., INC., a California Corporation, | |
16 | Defendants. | |

17

18       This matter is before the Court on Plaintiff Scott Johnson's Motion for Summary

19 Judgment. (ECF No. 37.) Defendants Anthony L. Mattioli, Karla J. Mattioli, and Wilson Way

20 Tire Co., Inc. (collectively, "Defendants") do not oppose granting the motion. (ECF No. 39.)

21 Plaintiff's motion seeks an order from this Court directing Defendants to provide accessible

22 parking at the Wilson Way Tire location at issue in this litigation. (ECF No. 37 at 1–2.) Plaintiff

23 also seeks $8,000 in statutory damages. (ECF No. 37 at 2). Accordingly, and for the reasons set

24 forth below, Plaintiff's Motion for Summary Judgment (ECF No. 37) is GRANTED.

25 ///

26 ///

27 ///

28 ///

# I. PROCEDURAL AND FACTUAL BACKGROUND

## A. Procedural Background

Plaintiff filed a Second Amended Complaint on February 5, 2015, claiming entitlement to damages and injunctive relief for violations of the federal Americans With Disabilities Act ("ADA"), California's Unruh Civil Rights Act, and California's Disabled Persons Act. (ECF No. 16.) The Second Amended Complaint also contained a cause of action for negligence. (ECF No. 16 at 7.) The parties engaged in unsuccessful settlement discussions in August 2016. (ECF No. 35 at 6.) Plaintiff moved for summary judgment in May 2018. (ECF No. 37.) Plaintiff's motion seeks the following relief: "a ruling that his rights were violated under the Unruh Civil Rights Act, a statutory penalty of $8,000, and an Order requiring Defendants to make the parking accessible, as defined by the Americans with Disabilities Act." (ECF No. 37-1 at 5.) Defendants filed a Statement of Non-Opposition to Plaintiff's motion. (ECF No. 39.)

## B. Factual Background

The evidence in this case establishes the following undisputed facts. (*See* ECF No. 39.) Plaintiff is a quadriplegic who requires a wheelchair for mobility and who suffers from manual dexterity impairments. (ECF No. 37-5 ¶ 2.) He drives a specially equipped van that deploys a lift from the side of the van to accommodate Plaintiff's wheelchair. (ECF No. 37-5 ¶ 3.) Defendants Anthony and Karla Mattioli own the property upon which the Wilson Way Tire premises was located at the time of the actions set forth in Plaintiff's pleadings, and these Defendants owned this business between February and April 2014. (ECF No. 37-2 ¶¶ 4–5.) Plaintiff attempted to patronize the Wilson Way Tire on March 27, 2014, but was forced to park in a non-disabled parking space due to the lack of any parking spaces designated for people with disabilities. (ECF No. 37-5 ¶¶ 4–10.) Once inside the Wilson Way Tire, Plaintiff encountered a drinking fountain that was too high for his use. (ECF No. 37-5 ¶¶ 14–15.)[1] These alleged violations caused

---

[1] During this visit to the Wilson Way Tire, Plaintiff also observed a coffee pot on a counter that was allegedly too high for his use. (ECF No. 37-5 ¶¶ 16–17.) As explained in more detail below, Plaintiff is entitled to summary judgment for the disability discrimination he alleges he suffered due to Defendants' parking space and drinking fountain violations. Because it would be immaterial to the final disposition of Plaintiff's motion, the Court declines to expend additional resources analyzing Plaintiff's counter-height argument. *See* Cal. Civ. Code § 55.56(f) ("Statutory damages may be assessed . . . on each particular occasion that the plaintiff was denied full and equal access, and not upon the number of violations of construction-related accessibility standards identified at the place of

Plaintiff difficulty, discomfort, and frustration. (ECF No. 37-5 ¶ 18.)

Plaintiff returned to the Wilson Way Tire premises on several other occasions between February and April 2014, but was deterred from patronizing the business because of his knowledge of its accessibility issues. (ECF No. 37-5 ¶ 19.) Furthermore, Plaintiff desires and intends to patronize the Wilson Way Tire business "on a regular and ongoing basis" in the future. (ECF No. 37-5 ¶¶ 21–22.)

In addition to injunctive relief in the form of an order directing Defendants to remedy the Wilson Way Tire's parking (ECF No. 37 at 1–2), Plaintiff seeks "two statutory penalties [of $4,000 each]: once for his personal encounter with the barriers and the second for deterrence" (ECF No. 37-1 at 18).

## II. STANDARD OF LAW

### A. Summary Judgment

Summary judgment is appropriate where the moving party demonstrates that no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party is required to tender evidence of specific facts in the form of affidavits or admissible discovery material. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material in the sense that it "might affect the outcome of

---

public accommodation where the denial of full and equal access occurred.").

the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The opposing party must also demonstrate that the dispute is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251–52.

A district court ordinarily should not grant summary judgment solely because the non-moving party has no opposition to the motion. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 (9th Cir. 1994) (holding that the moving party bears the burden of demonstrating the absence of any material fact at summary judgment "even when the party against whom the motion for summary judgment is directed has not filed any opposition"). "The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact." *Van Mathis v. Safeway Grocery*, No. C 09-2026 WHA PR, 2010 WL 3636213, at *1 (N.D. Cal. Sept. 14, 2010) (citing *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001); *N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552, 558 (5th Cir. 2008)).

B.   <u>Americans With Disabilities Act</u>

"To prevail on a discrimination claim under Title III [of the ADA], a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010); *see generally* 42 U.S.C. § 12182(a) (setting forth the ADA's general rule).

Satisfying the first element of an ADA disability discrimination claim requires proof that a plaintiff suffers from "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102. Walking is one of the major life activities defined by the ADA. *Id.* The second element of an ADA disability discrimination claim is met if the defendant is a "sales or rental establishment," because such an establishment qualifies as a public accommodation subject to the ADA. *Id.* § 12181. The third element of a disability discrimination claim may be established in more than one way, depending on the nature of the facility in question.

4

### i.     *Facilities Constructed After 1993*

If the facility in question is a place of public accommodation built after January 26, 1993, a plaintiff may establish discrimination by demonstrating that said facility was not designed and constructed to be "readily accessible to and usable by individuals with disabilities." *Id.* § 12183(a)(1). In this context, "[w]hether a facility is 'readily accessible' is defined, in part, by the ADA Accessibility Guidelines ('ADAAG')." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (en banc) (citing 28 C.F.R. § 36.406(a); 28 C.F.R. pt. 36, app. A; *Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1024–25 (9th Cir. 2008)). This means that, for this category of places of public accommodation constructed after January 1993, a plaintiff may generally establish the third element of a disability discrimination claim by presenting evidence that the facility in question contains features that do not comply with the relevant ADAAG specifications. *Id.* at 945–46.

### ii.     *Existing Facilities*

"In the context of existing facilities, discrimination includes 'a failure to remove architectural barriers . . . where such removal is readily achievable.'" *Id.* at 945 (alteration in original) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). The ADAAG sets forth the technical standards defining what constitute architectural barriers in existing facilities, just as the standards do for facilities constructed after January 1993. *See id.* at 947 ("Because the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA."). Depending on the date of the public accommodation's construction or alteration, the applicable ADAAG may be the standards promulgated in 1991 or in 2010. *See* 28 C.F.R. § 36.406(a).

However, as distinguished from places of public accommodation that were altered or constructed after 1993, architectural barriers in existing facilities need only be removed where doing so is readily achievable. *Chapman*, 631 F.3d at 945. In this context, "[t]he term 'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense," after weighing factors that include the nature and cost of the repairs, the overall

financial resources of the facilities involved, and the type of operations carried on in the facilities involved. 42 U.S.C. § 12181. The ADA's implementing regulations contain examples of steps that places of public accommodation may take to remove barriers, including "[c]reating designated accessible parking spaces," 28 C.F.R. § 36.304(b)(18), and "[i]nstalling an accessible paper cup dispenser at an existing inaccessible water fountain," *id.* § 36.304(b)(19). Indeed, a plaintiff may help establish the ready achievability of a barrier removal by pointing to its inclusion in the list of examples contained in this part of the ADA's implementing regulations. *See, e.g.*, *Yates v. Sweet Potato Enter., Inc.*, 684 F. App'x 655, 657 (9th Cir. 2017) ("The district court properly held that the installation of the power door was readily achievable . . . [because] the type of proposed installation in this case—'[i]nstalling accessible door hardware'—is one of the examples provided in the federal regulations as to the type of remedial step which might be 'easily accomplishable and able to be carried out without much difficulty or expense.'" (third alteration in original) (quoting 28 C.F.R. § 36.304(a), (b)(11))). A plaintiff may also help establish ready achievability of barrier removal by demonstrating that the facility in question actually removed the relevant access barriers following a plaintiff's encounter with them. *See Johnson v. Wayside Prop., Inc.*, 41 F. Supp. 3d 973, 978 (E.D. Cal. 2014) ("Because defendants were able to alter their facility to comply with the ADA within a month, there is no genuine dispute that the changes it implemented were 'readily achievable.'" (citing *Wilson v. Pier 1 Imps. (U.S.), Inc.*, 439 F. Supp. 2d 1054, 1069 (E.D. Cal. 2006))).

        *iii.*      *Injunctive Relief*

Where a defendant's ADA violations are predicated on barriers to accessibility that could easily be removed pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv), "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188.

        C.      <u>California's Unruh Civil Rights Act</u>

Any "violation of the right of any individual under the [ADA] shall also constitute a violation of" California's Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Each violation of the Unruh Civil Rights Act carries with it a minimum of $4,000 in statutory penalties. *Id.* §§ 52(a),

55.56(f). These statutorily mandated penalties may be recovered against the owners of a place of public accommodation "only if a violation or violations of one or more construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." *Id.* § 55.56(a).

Demonstrating that a plaintiff was denied the full and equal access necessary to trigger an award of statutory penalties requires a showing that "the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion." *Id.* § 55.56(b); *see also id.* § 55.56(c) ("A violation personally encountered by a plaintiff may be sufficient to cause a denial of full and equal access if the plaintiff experienced difficulty, discomfort, or embarrassment because of the violation.").

### III. ANALYSIS

#### A. Plaintiff's Disability

The evidence is uncontroverted that Plaintiff is disabled within the meaning of the ADA because he is a quadriplegic who cannot engage in the major life activity of walking. (ECF No. 37-5 ¶ 2); 42 U.S.C. § 12102. Accordingly, Plaintiff has established that "he is disabled within the meaning of the ADA." *Arizona ex rel. Goddard*, 603 F.3d at 670.

#### B. Ownership of Place of Public Accommodation

There is no genuine dispute of material fact that Defendants Anthony and Karla Mattioli owned the Wilson Way Tire business in February, March, and April 2014. (ECF No. 37-2 ¶¶ 5–6.) There is also no genuine dispute of material fact that Defendant Wilson Way Tire Co., Inc. was the lessee of the Wilson Way Tire on the dates in question. (ECF No. 37-2 ¶ 7.) Because the Wilson Way Tire is a sales establishment (ECF No. 37-2 ¶ 4), it qualifies as a public accommodation under the ADA, *see* 42 U.S.C. § 12181; *Arizona ex rel. Goddard*, 603 F.3d at 670 (requiring proof for ADA claims that "the defendant is a private entity that owns, leases, or operates a place of public accommodation").

#### C. Denial of Public Accommodation Due to Disability

Plaintiff apparently concedes that Defendants denied him a public accommodation due to his disability only if the access barriers he encountered at the Wilson Way Tire "were readily

achievable to remove." (ECF No. 37-1 at 15.)

### *i.* *Lack of Accessible Parking Spaces*

There is no genuine dispute of fact that on the date Plaintiff first visited the Wilson Way Tire, the premises lacked accessible parking spaces. (ECF No. 37-5 ¶¶ 6–7.) This absence of accessible parking forced Plaintiff to park in a non-disabled parking space, leaving him concerned for the security of his specially equipped van and lift. (ECF No. 37-5 ¶¶ 8–10.) Plaintiff argues that this lack of accessible parking constituted a barrier in violation of ADA standards, *see* 42 U.S.C. § 12182(b)(2)(A)(iv); (ECF No. 37-1 at 12), one which could easily have been removed (ECF No. 37-1 at 15).

As noted above, creating accessible parking spaces is listed in the ADA's implementing regulations as one readily achievable step to remove unlawful access barriers. 28 C.F.R. § 36.304(b)(18). Furthermore, Defendants did, in fact, attempt to remove this barrier after being notified of Plaintiff's lawsuit. (ECF No. 37-16 at 6; ECF No. 37-17 at 4; ECF No. 37-18 at 6; ECF No. 37-19 at 4.) This constitutes sufficient evidence to establish that Plaintiff was "denied public accommodations by the defendant because of his disability" on the dates he encountered the lack of an accessible parking space at the Wilson Way Tire. *Arizona ex rel. Goddard*, 603 F.3d at 670; *see also Yates*, 684 F. App'x at 657 (crediting argument that steps to remove barriers listed in ADA implementing regulations demonstrates such steps' ready achievability); *Wayside Prop., Inc.*, 41 F. Supp. 3d at 978 (reasoning that remediation of access barrier can demonstrate its ready achievability). Defendants raise no opposition to these contentions. (ECF No. 39.)

Accordingly, Plaintiff is entitled to judgment as a matter of law that the lack of accessible parking spaces he encountered on March 27, 2014 at the Wilson Way Tire violated the ADA by denying him a public accommodation due to his disability. *See Chapman*, 631 F.3d at 947 (holding that "if a barrier violating [ADA] standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA").

### *ii.* *Lack of Accessible Drinking Fountain*

There is also no genuine dispute of fact that Plaintiff encountered a drinking fountain that was too high for him to use when he entered the Wilson Way Tire on March 27, 2014. (ECF No.

37-5 ¶¶ 14–15.) Plaintiff argues that the height of the drinking fountain constituted a barrier that violated ADA standards, *see* 42 U.S.C. § 12182(b)(2)(A)(iv); (ECF No. 37-1 at 14), and that could easily have been removed (ECF No. 37-1 at 15).

As noted above, installing an accessible paper cup dispenser at an otherwise inaccessible water fountain is listed in the ADA's implementing regulations as one readily achievable step to remove unlawful access barriers. 28 C.F.R. § 36.304(b)(19). While there is no evidence Defendants attempted to install such a paper cup dispenser in order to render the drinking fountain accessible following Plaintiff's March 27, 2014 visit to the Wilson Way Tire, Defendants did apparently remediate this access barrier in some other unspecified manner. (*See* ECF No. 37-1 at 14 ("This barrier was apparently removed by Defendants and was no longer an issue as of January, 2018 . . . ."); ECF No. 37-9 (containing no reference to a drinking fountain height violation).) This constitutes sufficient evidence to establish that Plaintiff was "denied public accommodations by the defendant because of his disability" on the date he encountered the lack of an accessible drinking fountain at the Wilson Way Tire. *Arizona ex rel. Goddard*, 603 F.3d at 670; *Wayside Prop., Inc.*, 41 F. Supp. 3d at 978 (reasoning that remediation of access barrier can demonstrate its ready achievability). Defendants raise no opposition to these contentions. (ECF No. 39.)

Accordingly and independently, Plaintiff is also entitled to judgment as a matter of law on his claim that the height of the drinking fountain he encountered at the Wilson Way Tire on March 27, 2014 violated the ADA. *See Chapman*, 631 F.3d at 947 (holding that "if a barrier violating [ADA] standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA").

D.  Injunctive Relief

Plaintiff argues that he is entitled to injunctive relief mandating remediation because the access barriers he encountered could easily have been remedied by Defendants and because he intends to patronize the Wilson Way Tire in the future. (ECF No. 37-1 at 16–17.) Defendants do not contest that in an instance such as this (ECF No. 39), the ADA mandates injunctive relief which "shall include an order to alter facilities to make such facilities readily accessible to and

usable by individuals with disabilities," 42 U.S.C. § 12188.

Accordingly, Plaintiff is entitled to injunctive relief in the manner requested (ECF No. 37 at 1–2; ECF No. 37-1 at 16–17).

### E. Monetary Relief

Plaintiff argues that he is entitled to $8,000 in statutory penalties because he "personally encountered the access standards violations on his visits on March 27, 2014" (ECF No. 37-1 at 17–18), he experienced "difficulty, discomfort and frustration" on that date due to Defendants' violations (ECF No. 37-2 ¶ 21), and he "on other multiple occasions was deterred from visiting due to his knowledge of the barriers" (ECF No. 37-1 at 18).

Defendants do not contest Plaintiff's argument that he is entitled to two separate penalties of $4,000 each (ECF No. 39): "once for his personal encounter with the barriers and the second for deterrence," (ECF No. 37-1 at 18); *see also* Cal. Civ. Code §§ 52(a), 55.56(a)–(c), 55.56(f). Accordingly, Plaintiff is entitled to a statutory damages award in the amount of $8,000, as requested (ECF No. 37 at 2; ECF No. 37-1 at 18).

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment (ECF No. 37) is GRANTED. Defendant is ordered to make the Wilson Way Tire premises readily accessible to, and usable by, individuals with disabilities as required by the ADA. Defendants are also ordered to pay Plaintiff $8,000 in statutory damages.

IT IS SO ORDERED.

Dated: March 28, 2019

Troy L. Nunley
United States District Judge